UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
GEORGE STONER,

                    Plaintiff,                  **COMPLAINT**

-vs-

THE MASTER'S COACH, LTD and        **JURY TRIAL DEMANDED**
DAVID BARNHART, SR., sued in his
individual capacity,

                    Defendants.        **08 CIV 5094**
------------------------------------------------X

## I. PARTIES

1. Plaintiff resides in the City of Middletown, within this Judicial district.

2. Defendant, The Master's Coach, Ltd., is a corporation organized to do business under the laws of the State of New York. Its principal place of business is 1471 Route 208, Wallkill, New York. It operates motor vehicles under contract with, *inter alia,* the County of Orange, to transport disabled and other persons to medical appointments and treatments.

3. Defendant David Barnhart, Sr. is the owner and operator of The Master's Coach, Ltd. and is sued herein in his individual capacity.

## II JURISDICTION & VENUE

4. As plaintiff brings this action pursuant to the Americans With Disabilities Act, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3) & (4) and 42 U.S.C. § 12133.

5. As the State-law cause of action arises from the same nucleus of operative facts as the Federal claim, this Court has supplemental jurisdiction over it pursuant to 28

U.S.C. § 1367.

6. Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission on June 28, 2007. He received the Notice of Right to Sue on or about March 12, 2008. Plaintiff brings this action within 90 days of his receipt of the right to sue letter.

7. As the events giving rise to this action arose in County of Orange, this case is properly venued in Southern District of New York.

**III FACTUAL AVERMENTS**

8. Plaintiff commenced employment with defendants in October 2005 as an ambulette driver.

9. In May 2007, he was diagnosed as suffering from Clinical Depression and was treated in the hospital for seven days.

10. During this period, plaintiff, through his mother, advised his employer that he was hospitalized.

11. On May 21, 2007, upon his release from the hospital, plaintiff called The Master's Coach, Ltd. to advise his employer that his doctor had written a note stating that he could return to work on May 25.

12. Plaintiff was prescribed Seroquel (200 mg) which be began taking daily.

13. On May 23, plaintiff telephoned defendant Barnhart to find out his start time on May 25. Barnhart told him that, because plaintiff was taking Seroquel, he was not sure whether he could drive and that he would get back to him.

14. On May 25, 2007, Barnhard referred to the hospital where plaintiff was staying as

the "psycho ward" and terminated plaintiff's employment.

15. Barnhart drafted a letter on June 1, 2007 explaining his reason for plaintiff's termination:

> George Stoner is taking a medication called Seroquel. New York State Dept. of Motor Vehicles 19-A guidelines disqualifies a driver when taking any medication that can affect your ability to operate a motor vehicle.

16. The guidelines referenced in Barnhart's letter do not disqualify plaintiff from driving an ambulette. Section 509-1 of those guidelines reads:

> 1.(a)  No person shall consume a drug, controlled substance or an intoxicating liquor, regardless of its alcoholic content, or be under the influence of an intoxicating liquor or drug, within six hours before going on duty or operating, or having physical control of a bus, or
>
> (b)  consume a drug, controlled substance or an intoxicating liquor, regardless of its alcoholic content while on duty, or operating, or in physical control of the bus, or
>
> (c)  possess a drug, controlled substance or an intoxicating liquor, regardless of its alcoholic content while on duty, operating or in physical control of a bus. However, this paragraph does not apply to a possession of a drug, controlled substance or an intoxicating liquor which is transported as part of a ship or personal effects of a passenger or to alcoholic beverages which are in sealed containers.
>
> 2.  No motor carrier shall require or permit a driver to:
>
> (a)  violate any provision of subdivision one of this section; or
>
> (b)  be on duty or operate a bus if, by such person's general appearance or by such person's conduct or by other substantiating substance, such person appears to have consumed a drug, controlled substance or an intoxicating liquor within the preceding six hours.

17. Section 19-A defines "drug" and "controlled substance" under § 509-a(5). Drug is defined as "any substance listed in section thirty-three hundred six of the public

3

health law not dispensed or consumed pursuant to a lawful prescription." Controlled substance is defined as "any substance listed in section thirty-three hundred six of the public health law not dispensed or consumed pursuant to lawful prescription."

18. Not only is Seroquel is not listed under Public Health Law § 3306, but plaintiff was prescribed Seroquel by his physician, which brings him outside Section 19-A.

19. While defendants assumed that plaintiff could not drive an ambulette while taking Seroquel, his doctor has advised otherwise. Plaintiff may drive any of defendant's vehicles while taking this medication.

20. Defendants regarded plaintiff as having a protected disability under the Americans With Disabilities Act, i.e. suffering from a mental illness. In terminating plaintiff, defendant believed that he was unable to perform any job involving the use of a motor vehicle while taking Seroquel. This false belief confirms that defendants regarded plaintiff as having a disability that substantially affects a major life activity, including working, driving and motor coordination.

21. Defendants did not accommodate plaintiff's disability as they did not find other work for him at the company. While defendants could have assigned plaintiff to work as a dispatcher or handle other duties like answering the phones or washing the vans, they failed to do so.

22. As a result of his unlawful termination, plaintiff has lost back and front pay and also sustained significant pain and suffering.

**CAUSES OF ACTION**

23. Plaintiff incorporates the allegations in ¶¶ 1-22 as if fully restated herein.

24. Defendant The Master's Coach, Ltd. terminated plaintiff's employment in violation of the Americans with Disabilities Act and the New York Executive Law.

25. Defendant Barnhart terminated plaintiff's employment in violation of the New York Executive Law.

WHEREFORE, plaintiff prays that this Honorable Court:

1. Accept jurisdiction over this action;

2. Empanel a jury to fairly hear and decide this action;

3. Award to plaintiff compensatory damages for pain and suffering, back pay and front pay;

4. Award to plaintiff punitive damages for the wanton violation of his civil rights in violation of the Americans with Disabilities Act;

5. Award plaintiff the reasonable attorneys' fees and costs expended in litigating this action; and

6. Order any such other relief deemed just and proper.

Dated: June 2, 2008

Respectfully submitted,

S/ *[signature]*
HELEN G. ULLRICH

BERGSTEIN & ULLRICH, LLP

15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff